## EQUITABLE LIFE ASSURANCE SOC. v. QUILLMAN.

No. 27638.   Dec. 14, 1937.

Shirk & Bridges, for plaintiff in error.

H. F. Fulling, for defendant in error.

BAYLESS, V. C. J. This action was instituted in the court of common pleas of Tulsa county, Okla., by Christy Quillm'an, as plaintiff, against the Equitable Life Assurance Society of the United States, a corporation, to recover disability benefits specified in a certain certificate of insurance. The certificate being one issued by the defendant to the plaintiff pursuant to a policy of group insurance issued by the defendant to J. W. Jenkins Sons Music Company. The case coming on for trial, a jury was impaneled, but after the evidence was in, the parties agreed for the jury to be discharged and the cause determined by the trial judge. The trial judge rendered judgment in favor of the defendant. Thereafter, the plaintiff filed his motion for a new trial, which was granted. And from the order granting a new trial the defendant has appealed.

The certificate aforementioned provides:

"The insurance upon the life of any employee shall automatically cease * * * upon the termination of his employment with the employer in the specified classes of employees. * * *"

With regard to compensation for disability, said certificate provides:

"In the event that any employee while insured under the aforesaid policy and before attaining age 60 becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the society will, in termination of all insurance of such employee under the policy, pay equal monthly disability-installments, the number and amount of which shall be determined by the table of installments below: the number of installments being that corresponding to the nearest amount of insurance shown in the table, while the amount of each installment shall be adjusted in proportion that the amount of insurance on such employee's life bears to the amount used in the table in fixing the number of installments. The amount of insurance herein referred to shall be that in force upon the date on which said total and permanent disability commenced. * * *"

The defendant set up as its defense to the plaintiff's action that (a) the certificate was not in force after August 1, 1931, and if plaintiff had become totally and permanently disabled, he had so become after that date; (b) that if plaintiff had become totally and permanently disabled while said certificate was in force, he had failed and omitted to make and furnish defendant with proof of the disability before expiration of one year from the date of its commencement.

The plaintiff testified: That from November, 1922, until August 1, 1931, he had steady employment in the service department of J. W. Jenkins Sons Music Company, at Tulsa, where he worked at repairing victrolas, radios, and refrigerators. That while so employed and on or about February 1, 1928, the certificate of insurance aforementioned was issued to him, the payments therefor being thereafter regularly deducted from his salary by his employer. That in October, 1929, he was examined by doctors in Tulsa who advised him that he had pulmonary tuberculosis. And that upon receiving this information he communicated same to his employer, who thereafter for the period of time commencing about October 15, 1929, and continuing until about March 15, 1930, permitted him to work at his employment on a "half-day" basis. But from the date last mentioned until his employment was terminated he was required by his employer to, and did, work on a "full-time" basis. That on August 1, 1931, his employment with J. W. Jenkins Sons Music Company was wholly and definitely terminated, at the instance of his employer; the reason assigned to him by his employer for terminating his employment being that he "couldn't do a full day's work."

He further testified: That after the termination of his employment with J. W. Jenkins Sons Music Company he had no further regular and steady employment, but that occasionally, "when called upon and when able," he did radio repair work for the Edgar Music Company and the Theed Music Company, of Tulsa. And that also, under like conditions, he performed similar service for individuals owning radios, doing such work either at

their homes or 'at his home. That during this time, and dating back to October, 1929, he was undergoing medical treatment. And in 1933, he entered the State Tuberculosis Sanatorium at Talihina, Okla., where he remained as a patient for approximately six months. Upon leaving that institution he returned to Tulsa, where again he occasionally worked at repairing radios. That in November, 1935, he became bedfast, and thereafter did no work of any kind whatever.

Two doctors who had from time to time observed and treated the plaintiff since 1929, and who testified as witnesses for the plaintiff, in the course of their testimony stated that, at the time of the trial (May, 1936) plaintiff was totally and permanently disabled; that the disability had resulted from tuberculosis contracted by him in 1929. But neither of said doctors, however, undertook to state to the effect that the disease had progressed during the time plaintiff was employed with J. W. Jenkins Sons Music Company to such an extent as to at any time on or prior to August 1, 1931, render plaintiff totally and permanently disabled.

It is disclosed by the record that the first knowledge the defendant had to the effect that the plaintiff contemplated claiming against it for disability compensation was that imparted to it in a letter dated January 7, 1936, from plaintiff's attorney, in which a form to be used in making the claim was requested. And the form being furnished, that on February 6, 1936, the plaintiff, for the first time, made and transmitted to said defendant his claim of disability. In the claim, which was introduced as a part of the plaintiff's evidence, he alleged that, as a result of tuberculosis contracted in October, 1929, he became wholly disabled "on the 1st day of November, 1935."

Giving due effect to the former of the provisions of the certificate which we have herein quoted, the plaintiff ceased to be "insured under the * * * policy" on August 1, 1931, by virtue of his employment with J. W. Jenkins Sons Music Company having on that date been wholly and definitely terminated. And from the latter of said quoted provisions it becomes evident that the defendant became bound thereby to compensate the plaintiff for disability only in event that plaintiff became "totally and permanently" disabled, through a cause and to the extent therein specified, "while insured under the * * *policy." We are unable to find in the record any evidence going to affirmatively establish, or from which the inference might fairly be warranted, that the plaintiff became totally and permanently disabled on or prior to August 1, 1931. And moreover, had there been such proof, it was not also established that he made and furnished the defendant with proof of his claim before the expiration of one year from the date which he alleged in his petition as being the date of commencement of the disability. Clearly, the proof made in the action does not sustain the allegations of plaintiff's petition, but does establish a state of facts sufficient to preclude his recovery in said action. In American Central Insurance Co. v. Brenner, 173 Okla. 632, 49 P. (2d) 528, we held, that,

"Where the proof made in the trial of an action does not sustain the allegations of the petition, but clearly establishes the plaintiff is not entitled to recover on the cause of action alleged, it is the duty of the trial court to render judgment for the defendant; the granting of a new trial in such a case is an abuse of discretion."

The defendant has assigned as error that the trial court "erred, as a matter of law, in granting plaintiff a new trial." From our examination of the record we are convinced that the assignment is well founded. Therefore, the action of the trial court in granting the plaintiff a new trial is hereby reversed and the cause remanded, with direction to said court to vacate and set aside its order granting plaintiff a new trial, and to reinstate its former judgment in favor of the defendant.

OSBORN. C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. DAVISON, J., absent.